FILED

2007 Jun-28  PM 02:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MARLIN JOHNSON, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | **CASE NO. 2:07-CV-0531-RDP** |
| | } | |
| BUILDER CONTRACTOR, INC., | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

### I.   INTRODUCTION

Pending before the court is the parties' Joint Motion for Approval of Settlement and Stipulation of Facts and Supporting Memorandum of Law (Doc. # 10) filed on June 27, 2007.  For the reasons set forth below and for good cause shown, the court finds the motion is due to be granted and all of Plaintiff's claims against Defendant will be dismissed with prejudice.

### II.   STATEMENT OF STIPULATED FACTS

For the purposes of approving the Confidential Settlement Agreement ("Agreement") entered into between the parties in this case and of entering a stipulated judgment, the parties have stipulated to the following facts:

1.   Plaintiffs filed their Complaint against Defendant on March 23, 2007, alleging Defendant violated the FLSA by failing to make certain overtime payments during Plaintiff's employment.

2.   The parties had a *bona fide* dispute under the FLSA.  Defendant asserts that it had reasonable grounds to believe it had complied with the FLSA at all time, and that it had acted in good faith and did not willfully violate the FLSA.

3.      The parties engaged in settlement discussions and negotiations prior to determining
an agreeable settlement of Plaintiff's claims.  These negotiations consisted of the
following:

     a.      Parties met on April 27, 2007 and reviewed each party's supporting payroll
records covering the course of Plaintiff's employment;

     b.      Plaintiff presented a settlement proposal on April 30, 2007;

     c.      Defendant analyzed Plaintiff's proposal and submitted a written counter
proposal;

     d.      The parties conferred on May 24, 2007, and Plaintiff submitted a counter
proposal;

     e.      On June 1, 2007, Defendant submitted a final settlement proposal, and on
June 11, 2008, Plaintiff accepted the Defendant's settlement offer;

     f.      All parties have signed and agree to be bound by the Agreement.

4.      As a result of the foregoing process, Plaintiff and Defendant have agreed to a
complete resolution of this matter as provided in the Agreement.  The Agreement
was mailed to the court under separate cover to preserve the confidentiality of the
settlement agreement.  In accordance with the terms of the Agreement, the parties
jointly request that the Agreement and the terms contained within remain
confidential.

5.      The parties represent that as a result of this settlement, Plaintiff will receive payment
to settle any disputed back wages and in order for Defendant to avoid further time
and expense.

6.      The parties stipulate that they had a bona fide dispute and that they are resolving the

matter at this stage in order to avoid the cost and time involved in litigating the issues

of liability, liquidated damages, willfulness, fees, and expenses.

The court expressly finds that the foregoing facts are supported by the record and enters a

stipulated judgment thereon, approving the Agreement.

## III.     STANDARD OF REVIEW

Under the FLSA, binding settlements of back pay or liquidated damage claims are permitted

when the court enters a stipulated judgment upon determining that a settlement proposed by an

employer and employee is a fair and reasonable resolution of a *bona fide* dispute.  *Lynn's Food*

*Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  In detailing the reasons for court

approval, the Eleventh Circuit has reasoned as follows:

> Settlements may be permissible in the context of a suit brought by employees
> under the FLSA for back wages because initiation of the action by the employees
> provides some assurance of an adversarial context.  The employees are likely to be
> represented by an attorney who can protect their rights under the statute.  Thus, when
> the parties submit a settlement to the court for approval, the settlement is more likely
> to reflect a reasonable compromise of disputed issues than a mere waiver of statutory
> rights brought about by an employer's overreaching.  If a settlement in an employee
> FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage
> or computation of back wages, that are actually in dispute; we allow the district court
> to approve the settlement in order to promote the policy of encouraging settlement
> of litigation.

*Id.* at 1354.  Thus, a stipulated judgment on "disputed issues of both law and fact" will be binding

if entered subsequent to court approval.  *See Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d

960, 961 (5th Cir. 1947) (holding that decree of state court based upon a stipulated agreement and

then entered as a final judgment was binding upon—and *res judicata* as to—plaintiffs' subsequent

claims for liquidated damages where *bona fide* dispute of both law and fact was involved in litigation and where "proposed settlement agreed upon was fair and equitable to all parties concerned").[1]

## IV.   ANALYSIS

### A. The Court Finds that the Settlement Agreement is "Fair and Reasonable."

In determining whether a settlement agreement is "fair and reasonable," courts require a showing that statutory requirements have been met. *E.g., Rogan,v. Essex County News*, 65 F. Supp. 82, 83 (D. N.J. 1946). Thus, the fairness requirement itself encompasses two factors: (1) whether the circumstances surrounding the settlement are fair and equitable; and (2) whether the statutory wage payment requirements of the FLSA have been met in the proposed settlement. The parties have stipulated that a settlement in this case resulted from arms length negotiation whereby both parties were represented by counsel. Defendant provided Plaintiff with records covering the entire course of Plaintiff's employment with Defendant. Plaintiff and his counsel likewise calculated settlement figures for their counteroffer. Based on such figures, the parties negotiated and ultimately agreed upon a settlement figure. Both Defendant and Plaintiff understand the terms of the settlement and have attested to the reasonableness of such terms. Thus, the court finds the circumstances surrounding the settlement were fair and equitable. Furthermore, after a review of the Agreement and Plaintiff's claims as set forth in his complaint, the court finds that the amount of the settlement to be awarded to payment meets the statutory requirements of the FLSA.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**B.    The Court Finds that the Settlement Agreement Reflects the Resolution of a *Bona Fide* Dispute Between the Parties**.

Additionally, the proposed settlement reflects the resolution of a *bona fide* dispute between the parties.  When this case was filed, there existed a *bona fide* dispute between the parties as to Defendant's compliance with the FLSA.  (Docs. # 1 & 5).  Specifically, Plaintiff contended that Defendant failed to make overtime payments in violation of the FLSA.  (*Id.*).  Defendant asserted, to the contrary, that Plaintiff was not entitled to overtime payments or any additional payments in any form.  (Doc. # 6).  Thus, the parties have demonstrated the settlement to be a fair and reasonable means by which to amicably settle a *bona fide* dispute in a litigated proceeding and the court approves of the Agreement.

**V.    CONCLUSION**

For the foregoing reasons, the court concludes that the parties' Joint Motion for Approval of Settlement and Stipulation of Facts and Supporting Memorandum of Law (Doc. # 10) is due to be granted.  The court will enter a separate order in accordance with this memorandum opinion approving the Agreement, entering a stipulated judgment, and dismissing the action in its entirety with prejudice.

**DONE** and **ORDERED** this _____28th_____ day of June, 2007.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

5